Plaintiffs seek to have the defendants adjudged guilty of contempt of this court by reason of the alleged violation of restraint heretofore imposed in this action.
By order of July 29, 1949, defendants were ordered to "desist and refrain from continuing and completing any construction on the rear of premises 426 Raritan Street, Camden City, County of Camden, and State of New Jersey." Three days later (August 1, 1949), on the application of the defendants, the foregoing restraint was modified as follows: "Defendants are herewith granted permission to install only such rain spouts or spouting as is necessary to prevent damage to their land or adjoining land during the continuance of this order."
Plaintiffs now charge (paragraph 5 of Application for Order to Show Cause on Contempt) that on August 2, 1949, "defendants in open violation of said order placed upon the building on the rear of 426 Raritan Street, a permanent roof, which construction was not a necessary part of the installation of rain spouts, etc." The Application for Order to Show Cause is supported by but one affidavit — that of plaintiff E. Oliver Cantey. He says:
"4. On August 2d 1949, a roofer arrived at said construction and in violation of an Order entered in this Court, which Order I have read, proceeded to complete the installation of a permanent roof on this addition at 426 Raritan Street.
"5. Said Order granted permission for the installation of rain spout and spouting which work could have been accomplished without completing the roof and did not require flashing the side walls, coating the roof, adding felt to the roof etc., all of which were violations of the aforesaid order."
At the hearing before me on August 29, 1949, no oral proofs were offered. Defendants filed answering affidavits denying any violation of the restraint, and maintaining that the work done on August 2nd was within the purvue of the modification and was a necessary part of the installation of spouting. *Page 598 
The contempt charged is criminal. Guilt must be established as in any other criminal proceeding. The specific offense charged herein is that defendants "placed upon the building * * * a permanent roof." Plaintiff's proofs fall far short of supporting that charge. The affidavit of plaintiff Cantey gives his conclusions of defendant's guilt, but states little or nothing in the way of facts which would enable the court to resolve that question. Opposed to this are the affidavits of defendant Albert Friedman and of Herbert Blaker, the roofer who did the work. Mr. Friedman says "The only roofing work that said roofers performed on August 2nd was in relation to the proper construction of the rain spouts or spouting. All of the other roofing work was completed prior to the time that the restraining order issued in the within matter." Mr. Blaker says that he was in process of constructing the roof when the restraining order was allowed; that at the time the roof was completed "with the exception of the installation of the eave box, flashing the walls leading to the eave box with hot asphalt and felt, and the rain spouts;" that after being notified that the restraint was modified he "proceeded to the premises and there installed the necessary rain spouting. I first added the required spouting leading from the main roof to the lower roof and from thence into the spout from the roof of the extension to the drain. In order to properly direct the water it was necessary for me to construct an eave box at the corner of the roof of the extension. To make the said eave box water tight it was necessary to pack the same with felt and to secure the same with hot asphalt and to flash the walls adjacent thereto. This is the only work that we did to said premises at that time and all of the said work was necessary to properly install the rain spout or spouting in order to prevent damage to the premises in question or the adjoining land. All of the other roofing work was done prior to the time the restraining order issued."
There can be no conviction of guilt upon the showing made herein. The order to show cause will be discharged. *Page 599